410 F.2d 1061
 INTERNATIONAL MOLDERS & ALLIED WORKERS UNION, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Tyler Pipe & Foundry Company, Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
TYLER PIPE & FOUNDRY COMPANY, Respondent.
TYLER PIPE & FOUNDRY COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 21928.
 No. 22002.
 No. 22263.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 7, 1969.
 Decided April 22, 1969.
 Petition for Rehearing Denied June 24, 1969.
 
 Mr. Herbert S. Thatcher, Washington, D. C., for petitioner in No. 21,928.
 Mr. Edward E. Wall, Attorney, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, and Michael N. Sohn, Attorney, National Labor Relations Board, were on the brief, for petitioner in No. 22,002 and respondent in Nos. 21,928 and 22,263.
 Messrs. Glenn L. Greene, Jr., Miami, Fla., and George E. Seay, Dallas, Tex., with whom Mr. W. Reynolds Allen, Goldsboro, N. C., was on the brief, for petitioner in No. 22,263, intervenor in No. 21,928, and respondent in No. 22,002.
 Before WRIGHT, McGOWAN and TAMM, Circuit Judges.
 PER CURIAM:
 
 
 1
 These cases arise out of a labor dispute between the Tyler Pipe & Foundry Company, a Texas corporation, and the International Molders & Allied Workers Union, AFL-CIO. On September 30, 1965, after an election conducted by the National Labor Relations Board, the union was certified as the collective bargaining representative of the production and maintenance workers of the company. The company, contesting the validity of the election, refused to recognize or bargain with the union; the union lodged charges with the Board; and the Board found that the company's refusal to bargain was an unfair labor practice. The Board's order to bargain was challenged in the Fifth Circuit by the company, which claimed that the union should not have been certified. That court has just issued a decision remanding the case to the Board for a full hearing on the validity of the election.[1] Thus the status of the union's certification is in doubt pending the resolution of those proceedings.
 
 
 2
 Following the election the union and the company engaged in several disputes concerning wages and working conditions. The union again brought charges before the Board, which found that the company violated the National Labor Relations Act[2] in several respects. The company is here petitioning to have the Board's order set aside; the union is here petitioning to have certain of the Board's findings, in which the Board declined to find additional violations of the Act, reversed. The Board is crosspetitioning for enforcement of its order as it stands. Although the company argues that most of the issues are contingent upon the resolution of the union's certification in the action pending in the Fifth Circuit, we find that only one of the issues is actually so dependent. We have examined the issues and, with this one exception, we affirm the Board's order as it stands.[3]
 
 
 3
 Ample evidence supports the Board's finding that the company violated Section 8(a) (1) of the Act by telling certain employees that the company's nosolicitation rule prohibited union solicitation in the company's plant during non-working hours. Republic Aviation Corp. v. N. L. R. B., 324 U.S. 793, 65 S.Ct. 982, 89 L.Ed. 1372 (1945). Similarly, the Board's findings are well supported that the company violated Sections 8(a) (1) and 8(a) (3) of the Act by discharging seven employees who joined together to protest a summary change in their working conditions, and by discharging one employee for engaging in union activity and picketing during a strike called by the union. N. L. R. B. v. Washington Aluminum Co., 370 U.S. 9, 82 S.Ct. 1099, 8 L.Ed.2d 298 (1962); N. L. R. B. v. Phaostron Instrument & Electronic Co., 9 Cir., 344 F.2d 855 (1965). Further, these findings support the Board's conclusion that the strike called to protest the discharge of the seven employees was an unfair labor practice strike.
 
 
 4
 The final issue centers around the Board's finding that the company violated Section 8(a) (5) of the Act by instituting certain shift changes and some wage reductions and wage increases without giving the union a fair opportunity to bargain about the changes. This violation of the duty to bargain with the union is contingent upon the validity of the union's certification. Thus the parties recognize that this issue cannot be finally decided until the Fifth Circuit resolves the underlying certification issue. Accordingly, we hold in abeyance our determination of this issue.[4] Otherwise the Board's order will be enforced without awaiting that determination.
 
 
 5
 So ordered.
 
 
 
 Notes:
 
 
 [1]
 Tyler Pipe & Foundry Co. v. N.L.R.B., 5 Cir., 406 F.2d 1272 (1969). The company's contention is that the union made false claims to the workers prior to the election
 
 
 [2]
 29 U.S.C. § 151et seq. (1964).
 
 
 [3]
 The union originally listed five areas in which it argued that the Board should have found further violations. On appeal here it has abandoned two of these. We find that the Board was well within its discretion in: (1) refusing to find that employee Arthur Smith was illegally discharged; (2) refusing to attribute the actions of the manager of the employee credit union to the company; and (3) refusing to find that the company withheld a general wage increase in order to discriminate against and weaken the union
 
 
 [4]
 It has been three and a half years since the election which resulted in the certification of the union as the bargaining agent. No bargaining has occurred and in view of the remand by the Fifth Circuit none is in prospect. Under the circumstances we are reluctant to defer resolution of the § 8(a) (5) issue, but there is no alternative